

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 11, 1966

Mr. David G. Hunt
Assistant Commissioner
Coordinating Board
Texas College and University
  System
Sam Houston State Office Bldg.
Austin, Texas

Opinion No. C-721

Re: Whether the Galveston
    Junior College District
    that was created in
    November of 1935 is
    still in legal existence
    and related questions.

Dear Mr. Hunt:

By recent letter you have requested an opinion concerning the above stated matter. Your letter raises, in essence, the following four questions:

    (1)  Is the Galveston Junior College created in 1935 still in existence?

    (2)  Did boundary lines of the Galveston Junior College expand to remain coterminous with the Galveston Independent School District which expanded in 1960 to include Districts No. 707 and No. 9 of Galveston County, Texas?

    (3)  Can the Union Junior College District disannex territory which overlapps the Galveston Junior College District by authority of Article 2815p-1, Vernon's Civil Statutes, or some other applicable statute, and certify such fact to the Galveston County Commissioners Court for further action?

    (4)  Assuming an affirmative answer to the above, what legal steps will be required in order to reactivate the Galveston Junior College District?

In 1958 this office held in an opinion (WW-395) that the Galveston Junior College District, although inactive because a maintenance tax was never approved by the voters, was still in existence.

It is our present opinion that the Galveston Junior College District is still in legal existence. This opinion is

based upon a review of all applicable legislation, and the established rule that inactivity or nonuse in itself will not abolish such a legally created entity. Harbin Independent School District v. Denman, 200 S.W. 176 (Tex.Civ.App. 1918, reversed on other grounds 222 S.W. 538).

Question No. 2 requires an analysis of Article 2815s, Vernon's Civil Statutes, which is quoted in part as follows:

"Section 1. This Act shall apply to any junior college district created with the same boundary lines as an independent school district, the board of trustees of the independent school district being governing board of the junior college district. Whenever the boundaries of any such independent school district are extended by consolidation, attachment of territory thereto, or otherwise, the boundaries of the junior college district shall be automatically likewise extended so that the boundary lines of the two (2) districts shall remain identical."

This Act covers all junior college districts created prior to its enactment where the governing board and boundaries are the same as an independent school district at time of creation of the junior college. Furthermore, the enlargement of the school district automatically enlarges the junior college district.

It is our opinion that when the Galveston Independent School District was enlarged in 1960 by consolidation with the two other districts, the junior college district was automatically enlarged to include these districts. A brief discussion of the original attempt to organize the junior college district in Galveston can be found in Attorney General's Opinion No. O-3352 (1941), a copy of same is enclosed herewith.

Question No. 3 is answered by the plain language of Article 2815p-1, Vernon's Civil Statutes, quoted as follows:

"Section 1. All junior college districts whose boundaries have or may hereafter become established so that they include territory which prior to such establishment lay, and shall continue to lie, within the boundaries of another junior college district shall have the power to disannex such overlapped territory.

"Upon certification by the governing board of such a junior college district to the county board of school trustees of the county in which its college

is located that such an overlapping condition
exists, the county board may by resolution dis-
annex the overlapped territory from the district,
describing such territory by metes and bounds."

It is our opinion that the above quoted article gives
the County Board of School Trustees, in this case the Commissioners
Court, the power to disannex the overlapped territory of the
Galveston Junior College District upon proper certification from
the Union Junior College District.

Since the Galveston Junior College is already an
established entity, it is our opinion that following the require-
ments of Sections 4, 5, 6 and 7 of Article 2815h will reactivate
the school.

## SUMMARY

The Galveston Junior College established in
1935 is still in legal existence.

By virtue of the provisions of Article 2815s,
V.C.S., when the boundaries of the Galveston Inde-
pendent School District were extended to include
additional territory, the boundaries of the
Galveston Junior College were likewise extended.

Upon proper certification by the Union Junior
College District of Galveston County, the County
Board of Trustees (Commissioners Court) may dis-
annex the overlapped territory of the Galveston
Junior College under authority of Article 2815p-1,
Vernon's Civil Statutes.

Compliance with Sections 4, 5, 6 and 7 of
Article 2815h, Vernon's Civil Statutes, will re-
activate the Galveston Junior College, which has
been dormant since 1935.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: James C McCoy
James McCoy
Assistant Attorney General

Mr. David G. Hunt, page 4 (C-721)


JMc:sck:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Phillip Crawford
Marvin Sentell
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright